John N. Zarian (SBN 145080)
zarian@zarianmidgley.com
Brook B. Bond (SBN 144815)
bond@zarianmidgley.com
Lane M. Chitwood (admitted *pro hac vice*)
chitwood@zarianmidgley.com

ZARIAN MIDGLEY & JOHNSON PLLC
University Plaza
960 Broadway Ave., Ste. 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901

Attorneys for Plaintiff National Commission
for the Certification of Crane Operators

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, a District of Columbia non-profit corporation;<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA CRANE SCHOOL, INC., a California corporation; and JOHN NYPL, an individual, DOES ONE through TEN, inclusive;<br><br>Defendants. | Case No. CV 08-05440 JVS (ANx)<br><br>Hon. James V. Selna<br><br>[**FINAL JUDGMENT**<br>Action Filed: August 19, 2008 |

//

//

1

[*REVISED* PROPOSED] FINAL JUDGMENT

In the matter of NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS v. CALIFORNIA CRANE SCHOOL, INC., *et al.*, on February 22, 2010, the motion of plaintiff NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS (hereinafter "Plaintiff") for summary judgment on Claims for Relief One through Four [Dkt. Nos. 45 & 75] came on for hearing before this Court, the Honorable James V. Selna, District Judge, presiding. John N. Zarian, Esq., and Lane M. Chitwood, Esq., appeared for Plaintiff, and Joseph M. Alioto, Esq., and Jeffery K. Perkins, Esq., appeared for defendants CALIFORNIA CRANE SCHOOL, INC., and JOHN NYPL (hereinafter collectively "Defendants").

After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court GRANTED Plaintiff's Motion for Summary Judgment as to Claim for Relief One (for breach of contract), as to liability, and as to Claim for Relief Four (for civil contempt of this Court's permanent injunction). In doing so, among other things, this Court found that Defendants registered and used fourteen Internet domain names incorporating the "CCO" mark owned by Plaintiff, without express written consent, in breach of the parties' 2005 settlement agreement and in violation of this Court's 2005 permanent injunction. The Court DENIED Plaintiff's Motion for Summary Judgment as to Claim for Relief Two (for false designation of origin/unfair competition), and Claim for Relief Three (for cybersquatting), based upon a finding of genuine issues of material fact with respect to these claims. On or about March 12, 2010, this Court entered its order [Dkt. No. 88] granting in part and denying in part Plaintiff's Motion for Summary Judgment.

Thereafter, on May 10, 2010, Plaintiff's motion for civil contempt sanctions [Dkt. No. 90] and Plaintiff's motion for prevailing party costs and fees [Dkt. No. 91], came on for hearing before this Court, the Honorable James V. Selna, District Judge, presiding. John N. Zarian, Esq., and Lane M. Chitwood, Esq., appeared for Plaintiff, and Joseph M. Alioto, Esq., and Jeffery K. Perkins, Esq., appeared for Defendants.

After consideration of the briefs and arguments of counsel, and all other matters presented to the Court, the Court GRANTED Plaintiff's motion for civil

contempt sanctions and Plaintiff's motion for prevailing party costs and fees. On or about May 19, 2010, this Court entered its order [Dkt. No. 117] granting Plaintiff's motion for civil contempt sanctions and Plaintiff's motion for prevailing party costs and fees.

At the July 19, 2010 hearing on Defendants' Motion for Reconsideration, Plaintiff orally moved the Court for dismissal of Claim for Relief Two and Claim for Relief Three with prejudice, and the Court granted the Motion.

ACCORDINGLY, ALL CLAIMS HAVING BEEN RESOLVED, IT IS HEREBY ORDERED AND ADJUDGED by this Court as follows:

1. Plaintiff is awarded judgment on its Claim for Relief One, for breach of contract.
2. Plaintiff is awarded nominal damages in the amount of one dollar and is deemed to be the prevailing party on its Claim for Relief One.
3. Plaintiff is awarded judgment on its Claim for Relief Four, for civil contempt.
4. Plaintiff is awarded reasonable attorney's fees, in the amount of $269,163.94, for fees Plaintiff incurred through February, 2010, for three independent reasons:
    a. the foregoing award is an appropriate sanction for civil contempt; and,
    b. the parties' 2005 settlement agreement specifically provides for an award of reasonable attorney's fees to the prevailing party in litigation involving the 2005 permanent injunction; and,
    c. the parties' 2005 settlement agreement also provides for an award of reasonable attorney's fees to the prevailing party in litigation involving the 2005 settlement agreement itself.
5. In addition to the foregoing award of reasonable attorney's fees, Plaintiff is awarded the following appropriate sanctions for civil contempt:

> a. Defendants shall transfer to Plaintiff all rights to and control over any domain name containing the letters "CCO" that Defendants have rights in or have control over; and,
>
> b. Defendants shall display at the top of each public webpage that Defendants use for any crane-related business the following notice:
>
>> California Crane School is not approved, endorsed by, or in any way associated with the National Commission for the Certification of Crane Operators.
>
> Such notice shall be clearly legible, in bold, and in a default font size corresponding to at least a 12 point font, and shall have been posted by no later than June 2, 2010, and for a period of not less than six months. (Compliance as of the date hereof shall be deemed compliance as of June 2, 2010.) If Defendants operate any crane-related business under a name other than "California Crane School," they shall modify the name of the business in the notice accordingly. In the event that Plaintiff believes that Defendants are in violation of the provisions of this paragraph, Plaintiff shall first provide notice to Defendants with a five business day period to cure before seeking relief from the Court.

6. The permanent injunction entered by this Court in October 2005 shall remain in full force and effect.

7. Plaintiff shall take nothing on Claim for Relief Two or Claim for Relief Three.

8. Plaintiff is the prevailing party, and shall recover its costs of suit, to the extent not previously awarded, in the amount of $_____.

9. This Court shall retain jurisdiction of this action and the parties to the action for the purpose of implementing and enforcing this judgment.

IT IS SO ORDERED AND ADJUDGED.

DATED: July 20, 2010

_____
The Hon. James V. Selna

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of June, 2010, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

　　　　　　　　　　　　　　　　　　　　　*/s/ John N. Zarian*

　　　　　　　　　　　　　　　　　　　　　John N. Zarian